# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| MICHAEL RAKETICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:09-CV-417 JVB |
| v. | ) |
| | ) |
| PORTER COUNTY, INDIANA; PORTER | ) |
| COUNTY COMMISSIONERS; PORTER | ) |
| COUNTY SHERIFF'S DEPARTMENT; and | ) |
| UNKNOWN OFFICERS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff was an inmate at the Porter County Jail, and was assaulted by a fellow inmate on November 4, 2007. (DE 1, Compl. ¶¶ 1, 3) According to Plaintiff, the other inmate was believed to be a violent offender, while Plaintiff was incarcerated for a non-violent offense and housed in the same area of the jail. (DE 1 ¶¶ 1, 4) Plaintiff names as Defendants in his complaint Porter County, the Porter County Commissioners, and the Porter County Sheriff's Department, stating that all three Defendants had a role operating the jail through their officers or agents. (DE 1 ¶ 5) Plaintiff claims that Defendants' failure to properly supervise the inmates, and in particular the failure to properly separate violent and non-violent offenders, violated his Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution. (DE 1 ¶¶ 20-21)

Two of the Defendants in the case, Porter County, and the Porter County Commissioners, have filed a Motion to Dismiss the Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." (DE 11, Mot. Dismiss at 1)

Indiana Code § 36-2-2-24 states that the county "establish and maintain a . . . county

jail." The language of the predecessor statute to Indiana Code § 36-2-2-24 indicates that the legislature intended "maintain" to be synonymous with "kept in repair." *Weatherholt v. Spencer County*, 639 N.E.2d 354, 355–56 (Ind. Ct. App. 1994). "When an inmate in a county jail is injured as a result of the manner in which the jail is administered and not by any defect in the jail facility, the county does not owe him a duty of care. . . . Rather, it is the sheriff who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates." *Id.* at 356. In the present case, the Plaintiff was injured not as a result of a defect in the jail facility, but allegedly as a result of negligent supervision of inmates and improper grouping of violent and non-violent offenders. (DE 1 ¶¶ 1, 4) Thus, the duty to the safety of the inmate is the responsibility of the sheriff's office and not the county itself or its other agencies. *Weatherholt*, 639 N.E.2d at 356.

Further, under Indiana law, the County Sheriff and Porter County are separate entities and not responsible for each other's actions. *Weatherholt*, 639 N.E.2d at 356. The Sheriff is not a representative of the County as he holds a separate office created by the Indiana Constitution in Article VI, § 2. *Carver v. Crawford*, 564 N.E.2nd 330, 334 (Ind. Ct. App. 1990). The County Commissioners do not have any control over the acts of the sheriff. *Id.* Hence, it is the County Sheriff who is the final policymaker for law enforcement in his or her particular jurisdiction. *Eversole v. Steel*, 59 F.3d 710 (7th Cir. 1995).

Plaintiff did not reply to the Motion to Dismiss or dispute Defendants' characterization of Indiana law as stated in the Motion.

Accordingly, the Court grants Porter County and Porter County Commissioners' Motion to Dismiss and dismisses these two Defendants from the case.

SO ORDERED on May 28, 2010.

   S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE