# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| MICHAEL RAKETICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTER COUNTY SHERIFF'S )<br>DEPARTMENT and UNKNOWN OFFICERS, )<br>)<br>Defendants. ) | Civil Action No. 2:09-CV-417 JVB |

## OPINION AND ORDER

Plaintiff Michael Raketich filed this case against the Porter County Sheriff's Department and unknown officers in the Porter Superior Court on November 2, 2009.[1] His complaint had two claims, one for violation of his civil rights under federal law and one for negligence under Indiana law. Defendants removed the case to this court on December 16, 2009. On February 10, 2011, the Sheriff's Department moved for summary judgment, challenging both the federal civil rights and the state negligence claims. Plaintiff filed a response on March 10, 2011.

Plaintiff brought his claims against the Porter County Sheriff's Department and unknown officers. Plaintiff had the opportunity to discover the identity of these unknown officers during discovery. Because he failed to do so, the unknown officers are dismissed as defendants. *See Williams v. Rodriquez*, 509 F.3d 392, 402 (7th Cir. 2007).

Plaintiff did not address the Sheriff's Department's arguments about the federal civil rights claim in his response to the Motion for Summary Judgment. In fact, he conceded that he

---

[1] Porter County, Indiana, and the Porter County Commissioners were also defendants in this case, but they were dismissed [DE 16].

has no valid federal claim: "Defendant's motion for summary judgment should be granted only for the federal claims as alleged by the plaintiff." (Pl.'s Response to Df.'s Mot. for Summary Judgment, DE 29 at 15).

Because the Plaintiff has waived his federal civil rights claim against the Sheriff's Department, this Court has discretion whether to address Plaintiff's state law claim for negligence. *See Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Carnegie- Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). "When the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Id*. Therefore, Plaintiff's remaining state law claim is remanded to the Porter Superior Court. The remand will not cause a substantial duplication of effort. *Moses v. County of Kenosha*, 826 F.2d 708, 710–11 (7th Cir. 1987).

The Court DISMISSES Plaintiff's claims against the unknown officers. Furthermore, the Court GRANTS summary judgment for the Defendant Porter County Sheriff's Department on Plaintiff's civil rights claim. The Court REMANDS the remaining state law negligence claim to the Porter Superior Court.

SO ORDERED on March 31, 2011.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge